Thank you, Your Honor. Again, Patrick McMahon representing the appellant Robert Perez in this particular interlocutory appeal, again, from a denial of Detective Perez's motion for summary judgment based on qualified immunity. The facts in this case are completely different from the case disargued before the court. This was a situation where there is no confession given by the person who was convicted of child sexual abuse, and the lower court properly analyzed this case as to whether or not it violates Devereaux v. Abbey, which this court set the stringent test on whether or not an officer knew or should have known that the evidence they were presenting was false evidence or knew that the person was innocent, or the second prong of Devereaux, whether or not the officer intentionally fabricated evidence leading to the criminal prosecution of an individual. In this case, again, when we talk about jurisdiction, the reason that this court should hear this is because qualified immunity being a legal doctrine, being a question of law, it must be decided now by this court that Detective Perez should be granted qualified immunity. As Judge McDonald said at the lower court, in an 81-page order which thoroughly analyzed the issues in this case and dismissed virtually every claim, if not every claim brought by the plaintiff, he said it's a very close call, but again, as Justice Gould pointed out, he viewed the evidence in light most favorable to the nonmoving party and found that relying on the statement of Travis Garris, who testified at trial that he was sexually abused by Mr. Gosvick, and also considering statements of other children, he thought that that was a question of fact that got around qualified immunity. And I would submit respectfully that is complete error, Your Honor. First of all, as far as Travis Garris, the analysis by the court is wrong legally because this young man did not state or provide any evidence that would vitiate qualified immunity that he was somehow compelled to give false evidence by Detective Perez. The evidence that was submitted and all reasonable inferences given to that child, all he said at best was they, at a prosecutor's interview prior to preparation of Mr. Gosvick's trial, they asked me things that they wanted to hear. It's very vague and it's very ambiguous. The court was correct, the lower court, that Judge McDonald did not get to the point where that got around qualified immunity and did not entitle Detective Perez to complete dismissal. I think where the problem came in is then the court said in its order that it was also relying on the evidence of other children and other nonrelated cases. And I would submit respectfully, Your Honor, that you cannot violate someone's constitutional rights based on the actions of propensity evidence on what someone else has done. And that was clearly the reason that that evidence was put before the court, and I think that's why it was an error of law that this court has to rectify. If you look at the respondent's briefing, the respondent said categorically that they offered evidence of other interviews of other children to show proof of Detective Perez's protocol for extracting allegations or accusations from children. There cannot be any other way to define that evidence other than propensity evidence. The evidence that has to be analyzed from a qualified immunity standpoint is did those three children, two of which have never recanted that Mr. Gosvick sexually abused them, was that evidence somehow gathered in a way that was coercive to the point that it was false evidence? There's no evidence in this record that that was the case at all. In fact, all Travis Garris has said after the fact was that the sexual abuse didn't occur. But he did not say at that prosecutor's interview in August of 1995 that Detective Perez somehow extracted false evidence from him, leading to his criminal prosecution and eventually a Chelan County jury finding him guilty of sexually abusing children. And just as Justice Ferguson noted in the last argument, you've got a prosecutor who's an officer of the court. You have a CPS official there and you have a detective who's just sitting in there. The allegations were made to the prosecutor during that prosecutor's interview. As an officer of the court, there's no evidence that that person went ahead and filed criminal information stating that this Travis Garris was sexually abused. If that officer of the court in the form of a prosecuting attorney knew that that evidence was being extracted in a coercive, improper manner, because there wasn't any evidence of that other than Travis Garris' very weak and watered-down declaration after the fact, this court committed error by not granting qualified immunity. And that issue has to be decided at this stage because it is a question of law. It is a question of qualified immunity. And it's lost for Detective Perez, lost forever if it's not rectified at this point. So under Saussure, the first prong, was there a constitutional violation, i.e., was there a violation of the Devereux case that this evidence was extracted in a coercive manner leading to his prosecution? There is no evidence of that at all, which leads to no constitutional violation, which means categorically, I would submit, Your Honors, that this court must reverse the lower court and grant qualified immunity to Detective Perez. You cannot, and I emphasize, you cannot simply rely on statements that were made by other children to say that Mr. Gosvick's constitutional rights were violated. Those statements have nothing to do at all when the plaintiff's attorney admits that he brought it into the record to show the protocol or the propensity of an officer to say that that action somehow violated or raised a factual question whether his client's constitutional rights were violated. Your Honor, I'd be happy to address any questions if you have any issues on jurisdiction. Included here is an issue, I think, that's, I hope I'm not confusing the cases, but isn't there raised here as well a 404B question? Yes, Your Honor. Well, how does that play out here? If you're entitled to qualified immunity, then there's no need to discuss the 404B because Perez is the only defendant, right? That's correct. Well, go ahead. Well, I think what we were trying to do, Your Honor, is simply address what the lower court was saying when it said that it was a very close call that qualified immunity should have been granted, but he considered the evidence of other children, and I think that was clearly error because the court shouldn't have considered that evidence when it was submitted as propensity evidence, rather than whether the victims who testified in court that they were sexually abused did not recant or he didn't provide evidence that that was somehow coerced or extracted from them in an inappropriate manner. That's why that was addressed. Well, if on the assumption there is qualified immunity, then the evidentiary issue goes out, right? That's correct, Your Honor. And on the assumption that the trial court was wrong or that there is not qualified immunity, do we have to address the 404B question? I don't believe you do. I believe that qualified immunity states categorically that as a matter of law, there was no false evidence that was before the court that violated this person's rights, and that's why qualified immunity should apply. Well, you'll have to forgive me, but I've studied this the best I could, and my concern was to make sure I don't do so much similarity here between the first case and the second. I may get these confused, but in the second case, that's GASBIC, right? We're talking about GASBIC? GASBIC, yes, Your Honor. And my question is, I never was able to find out how the court ruled on qualified immunity. Maybe I missed it. How the lower court ruled on qualified immunity? I'm sorry. I had a difficult time hearing. Where in the district court's opinion does the district court discuss qualified immunity? It discusses it on page 22 of the published decision, Your Honor, where it says, It should be apparent from the foregoing discussion, after the court fully analyzed all of the evidence leading to his charges, that there are serious questions about the probative value of some of the plaintiff's evidence in establishing that Perez fabricated evidence against plaintiff, particularly in light of the seemingly stringent test articulated by the Ninth Circuit in Devereux. And then it said that it wasn't granting qualified immunity just primarily based on what Travis Garris said, which does not produce any evidence that he meets the stringent test of Devereux, and then to what other children said. And based on that, the court simply said that qualified immunity didn't apply, and I think that's incorrect as a matter of law. Okay. Would that be page 26 of the printed opinion, do you know? Individual liability of Perez fabrication of evidence besides Devereux. Is that the area you're referring to? That's correct, Your Honor. Well, and how do you say this? This is an 80-page opinion. I must say, in our circuit, we don't let district courts write 80-page opinions. It was a... But in any event, where does the court actually pass upon the question of qualified immunity? I'm looking at the published opinion, Your Honor, that's footnote 17. I don't know if we have the published opinion. I have an order granting motion for summary judgment that was in the record, the exercise record submitted. What's the number of the footnote? Bear with me, Your Honor. Because I can find that if you give me the number of it. I don't like to take your time. I believe it begins on page 26, which in our materials is the site to the record page to 19. OK. Hold on a minute. Talks about individual liability of Detective Perez. The allegations of fabrication of evidence. It sets out the test in Devereux. And then that's that's what you directed Judge Lay to. But where does he talk about qualified immunity there? That's what you're up here on, allegedly. In other words, you're claiming the court should have granted you qualified immunity. On page 47 of the court's 81 page opinion, page 240 on the site to the record in our materials, there's a section on qualified immunity that the court talks about page 47 of the page 47 to 48. Correct. But in there again. I see. Discusses the law. But I guess I'm still missing how he ruled. Well, I don't think there was really a clear analysis as to why qualified immunity wouldn't apply to Detective Perez. I think the section right before the qualified immunity section, he just simply said it was a closed call. And I'm going to give the reasonable inference to the non-moving party when it should have been decided as a legal question that there wasn't any evidence of fabricated evidence to meet the test of Devereux. You interpret that to be such that you can use that as a basis of law to come up on an interlocutory appeal. Absolutely. Your Honor, when you look at qualified immunity being as strong as it is and that evidence does not to meet Devereux, which the Ninth Circuit spent a lot of time with that decision to meet the Devereux test. There has to be evidence that someone deliberately fabricated evidence leading to a person's criminal prosecution. And there's just no evidence of that in this record at all. The court simply just I don't want to sound press, but essentially threw up its hands when it had that much material before it and had to write an 81 page decision and analyze the plaintiff's evidence as thoroughly as it did. And it just simply said, well, maybe it meets the Devereux test. But as a legal matter, there has to be evidence that it did. And there wasn't any evidence of a Devereux violation. The problem I'm having is partly with this unusual doctrine of interlocutory appeal. And it works well when the facts are admitted and when the parties say, OK, we all agree on the facts and there's no dispute about that. And the defendant says, I accept the plaintiff's version of the facts for purposes of this appeal. It just presents a legal issue on qualified immunity. But here with all the facts in dispute on every single claim, you know, there's a version of the facts under which Officer Perez should get a medal and another version under which he's condemned. So I'm having trouble with how we can address this in interlocutory appeal. Well, I think that's why the qualified immunity analysis has to be scrutinized again by this Court, because you can't simply just say we're going to throw in a bunch of facts saying he shouldn't get a medal. And that gets around the qualified immunity analysis. But you're saying that we have to determine, look at the facts de novo on an interlocutory appeal and kind of make another judgment? I think you do, Your Honor. And I think I cited the case of, if I'm pronouncing it correctly, Pelletier, which says if the Court doesn't fully analyze the qualified immunity doctrine, then unfortunately it's cumbersome on this Court. But the Court needs to go through the record again de novo to determine whether there is a violation of someone's constitutional rights that would obviate or do away with qualified immunity. So we look at it de novo, but we also have to accept the plaintiff's facts as true because it's on a summary judgment. Right. And give the plaintiff all inferences. And if you give the plaintiff every reasonable inference, which you must in this case, is there any evidence that Travis Garris was coerced into giving false evidence against Ralph Gosvick when the other two children have not recanted or said there was? And all he says in his declaration is that three people were in a room and he says they, in the plural, asked me questions. They wanted to hear things. And I'm paraphrasing, of course. They wanted to hear things that they wanted me to say. But he does not present any evidence that Detective Perez extracted any false information from him, which leads to a Devereux violation. Okay. Well, we've gone over your time, but I appreciate your argument. Thank you, Your Honor. We will hear now from Tyler Firkins. Yes. And we should add a few minutes to Mr. Firkins' argument. Thank you, Your Honors. Good morning. Tyler Firkins on behalf of the plaintiff, Ralph Gosvick, in this case. Your Honor, there are three fatal defects to this interlocutory appeal, beginning with what has concerned the Court throughout both of these arguments, and that is, is that there is no jurisdiction because we are dealing here with, and let me quote from the appellant's reply brief. The appellant is appealing. The Respondent submitted insufficient facts to establish a Devereux violation. In other words, they are doing exactly what the Barrons and Jones case said you cannot. We are challenging the sufficiency of the evidence on an interlocutory appeal for the purposes of qualified immunity. And this they clearly cannot do. That is jurisdictional, and this Court has no jurisdiction in this case. In First Amendment cases where you have abortion for summary judgment and it's granted, the rule is that the appellate court conducts an independent investigation of the facts of the case, which is a test different than de novo review. De novo review, you just review. But you have an independent investigation. This Court has a duty to investigate what are the true facts. And merely because they are disputants of the facts doesn't deprive this Court of jurisdiction. What do you say to that argument? I agree, Your Honor. Under a Pickering balancing test, that is, in fact, true. But under a qualified immunity test where there is an interlocutory appeal, it's a very specialized defense, and I think it's different in that regard than a Pickering balancing test where we look at the facts differently. And so I think under the First Amendment versus the qualified immunity test, the issues are slightly different and the standards are different. And I think the Barrons and Jones case basically set forth, and if I may read a portion of that case, this is an analysis of Johnson, held simply that determinations of evidentiary sufficiency at summary judgment not immediately appealable merely because they happen to arise in a qualified immunity case. So, in other words, Well, they didn't discuss in that case, however, the difference between de novo review and independent investigation by the appellate court. Independent investigation means we become the trier of fact. Okay. Your Honor, I would still nevertheless say that there is overwhelming evidence, when taken in a light most favorable to the plaintiff in this case, from which this Court can deny qualified immunity. And I have 14 points to address in that regard, and I'd be happy to address that. But I want to bring up two other fatal flaws with respect to appellant's arguments here. Beyond the jurisdictional issue is the fact that this appeal is moot because qualified immunity is a defense to not having a trial. And in this particular case, procedurally, the plaintiff brought a motion for summary judgment, partial summary judgment on a Wallace or family integrity claim, which the court denied, just barely denied on the issue of liability. That determination and the Wallace claim was never analyzed and never appealed by the defendant in this case. And therefore, there's going to be a trial, no matter what this Court orders, because that determination with respect to the Wallace claim is not on appeal. And there will be a trial. Therefore, this interlocutory appeal, even if the Court does have jurisdiction, is overwhelmingly moot because Mr. Perez is going to have to go to trial anyway. The third fatal defect with regard to their appeal is that in every instance, Mr. McMahon and Mr. Perez analyzed this case under the facts most favorable to Mr. Perez as opposed to the plaintiff. In fact, if you look at the records submitted by the defendant in this case, it is only the defendant's evidence that he submits. Not one iota of the plaintiff's evidence does he submit. And for that reason, this appeal is fatally flawed. Now, even if the Court does decide there's jurisdiction to hear the question of whether there are sufficient facts to support my client's Devereaux claim, there is overwhelming evidence in the record of that fact. And let me go item by item through that. The first piece of evidence is the declaration of Travis Garris, in which he indicates that Perez bullied and coerced him on May 30th in an interview that was undisclosed in Perez's report. Those tactics are condemned in the affidavits of Dr. Maggie Brock and Dr. Philip Esplin as being unduly coercive and abusive. There's evidence in the record that at the time of Perez's investigation involving Gosvick, there were very widely publicized scientific studies indicating that the exact tactics used by Perez yielded false evidence. Perez was frequently criticized by defense attorneys, and this is in the deposition of Gary Reason, on the very issue of the fact that he used coercive tactics. In each of the instances in which we submitted declarations. Is that to the falsification? Yes. Is that? Pardon me? Is a coercive tactic in questioning somebody, is that falsification? Yes, Your Honor. Under Devereaux, the decision in Devereaux, it says where a detective knew or should have known that he was using such coercive and abusive tactics that it would yield false evidence, it gives rise to a constitutional violation. In addition, the Devereaux case. There's a trial in this case in which the trial judge and the jury found that the evidence was not falsified. That's because the trial in this case involving Mr. Gosvick presented virtually no defense. In fact, during the cross-examination of Perez at Mr. Gosvick's criminal trial, his defense attorney, a public defender, asked virtually no questions of Detective Perez at the time, despite an overwhelming mountain of available information with which to cross-examine Perez on his abusive and coercive tactics, including in the very case involved the fact that Troy Garris, one of the accusers in the case, was overwhelmingly developmentally disabled. And yet Perez put him through a two-hour coercive and abusive interrogation in which the young man was denied a break. Only after he was denied a break and only after continued badgering did the young, developmentally delayed child make an allegation against his father, Mr. Gosvick. So if Perez had a competent lawyer, if Perez had a competent lawyer at the trial and thoroughly cross-examined all those witnesses, including Perez, there would not be any falsification, would there? There would still have been falsification of evidence by Perez. The truth would have come out. The truth would have come out. There would have been no falsification. And there would have been no conviction, but there nevertheless would have been falsification by Perez because it predated the trial. As an example, in the affidavit of probable cause that supported the arrest of Mr. Gosvick, Mr. Perez claimed that eight child victims had accused or identified Mr. Gosvick of committing acts of sexual abuse against them. That was blatantly false. In fact, and he swore under oath that that was the case, in fact, there were only two children. His foster daughter, who had been paraded around during the tour of homes, had identified him, and a child who in a prior decision had a low cognitive ability. And Troy Garris, the young developmentally delayed child who had the cognitive ability of a 5-year-old on this record. Those were the only two children that had made accusations against Mr. Gosvick at the time of his arrest. Thus, his arrest, and at that very point virtually no probable cause, which is another claim, which is unaddressed by the defense in this case, and that is arresting somebody on lack of probable cause. And is that a legal question or a factual question? That's a factual question, Your Honor, in terms of whether the facts surrounding this, in other words, the fabrication of evidence caused by Perez and the evidence, the falsified evidence that he accumulated, constituted probable cause at the time. And the trial court determined that that was a factual dispute that should be addressed by a jury. And, indeed, the case law with respect to that. I thought under the Fourth Amendment whether somebody had probable cause was a legal question. Well, initially, Your Honor, it is as to if we agree on the facts. And that's kind of one of the issues that we're – Oftentimes it's a mixed question of fact and law. Well, there's that as well, Your Honor. And the Supreme Court has said when you have a mixed question of fact and law, the question is one of law. And that could be, Your Honor. But the point here is that the court here made certain determinations as to the evidence. And I would point out that in addition to those determinations, that the court in several instances actually took the evidence in a light most favorable to Mr. Perez. As an example, when we talked about the fabrication of the supposed eight child victims, the court tried to explain how that could have come about rather than taking all the inferences in favor of the plaintiff in this case. Similarly, the court tried to explain the fabrication of the so-called physical findings. In that instance, an incompetent doctor determined that there was no positive evidence of sexual abuse in this case. Perez, in his police report, indicated there was positive evidence, totally fabricating that evidence. And the district court tried to harmonize that, although the district court should have actually taken the inferences in a light most favorable to the plaintiff and said, yeah, you did fabricate that evidence, and for that reason you have a Devereux claim. So are we back to the question that was argued in the first case, whether or not the defendant had a reasonable understanding such that he did not violate the Constitution? In other words, are we back to applying one of the prongs of qualified immunity? No. No, Your Honor, we're not. And specifically, the point here is, is that that's not what they're challenging. They're challenging the sufficiency of the evidence that was found by the district court. And the district court on page 48. As to what? The district court determined that with respect to Perez's conduct, no reasonable officer could have believed that that conduct was not a constitutional violation. The court determined that there were genuine issues of fact as to that, taking it in a light most favorable to the plaintiff. And that's on page 48, which is in volume three. Also on page 59. And there it's discussed the very terms that we're discussing. It's discussed in terms of qualified immunity. That's right, Your Honor. And that has to do with our Wallace claim or our family integrity claim, where we made a motion for partial summary judgment and the court denied that because there were issues of fact as to the point in time when Detective Perez removed the children without a court order from the Gosvick home. But that issue has actually not been appealed to this court. And even though it's analyzed in the district court's decision, the defense, the defendant in this case did not appeal that issue. And we didn't address it in our brief because it was not appealed. And issues that are not appealed should not be addressed by this court. Well, help me again, because I'm very confused as to, with so many parties and so many pages here, what is appealed? What is what? What is appealed essentially, Your Honor, is they're appealing whether there is sufficient evidence in this case to support a Devereaux claim. They're contending whether there was sufficient evidence in this case to support a Fourth Amendment claim by Mr. Gosvick. And they're appealing the use, the judge's use of propensity evidence, as they argue, to support the Devereaux claim, which is not the case at all, by the way. And if you do address that issue, it's on abusive discretion standard as opposed to a de novo review with respect to evidentiary rulings on summary judgment. But who does that pertain to, Gosvick? And who's the plaintiff in that type of claim? I'm sorry, Your Honor? Who is the plaintiff in that type of claim? You say the issue over here on the — I read to you on — I forget which page it was. Oh, I get you, Your Honor. It's page 59. And Mr. Gosvick is the plaintiff in that case. And that issue, the denial of qualified immunity with respect to that, and the denial of our motion for partial summary judgment could have been appealed by the defendant but was not. And so what I'm saying is that issue is not before the Court that's addressed on page 59 because they did not appeal that claim. They did not address the Wallace claim or the family integrity claim on this appeal. They only addressed the Fourth and Fifth Amendment issues, Your Honor. As it pertains to whom? Mr. Gosvick and Mr. Perez, correct. Mr. Perez being the defendant. All right. And again, the only way that they addressed that, Your Honors, is with respect to the sufficiency of the evidence. And because of that, this Court has virtually no jurisdiction to determine that issue. I think the time is up, although if Judge Lay or Judge Ferguson have questions, we can go through. It appears we should complete your argument. Thank you, Your Honor. I think that concludes our argument. We thank you both for your presentations. The case is submitted.
judges: Lay , Ferguson, Gould